UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PATHWAYS FOR YOUTH, INC.,                :
                                         :      05 Civ. 380 (CSH)
                    Plaintiff,           :
                                         :      MEMORANDUM OPINION
        -against-                        :      AND ORDER
                                         :
ROYAL INDEMNITY COMPANY,                 :
                                         :
                    Defendant.           :
-------------------------------------------------------X

HAIGHT, Senior United States District Judge:

Having considered the most recent correspondence of counsel, the Court enters the following Memorandum and Order. The present questions are (1) whether the corporate plaintiff should be allowed to dismiss the captioned action; and (2) whether Plaintiff's law firm, Kelley Drye & Warren LLP ("Kelley Drye) should be allowed to withdraw as counsel of record.

I

Plaintiff Pathways for Youth, Inc. ("PFY") brought this declaratory judgment action against Defendant Royal Indemnity Company ("Royal") following Royal's disclaimer of coverage of PFY for defense and indemnification in underlying actions in the state courts which apparently involve a personal injury. The law firm of Kelley Drye & Warren LLP ("Kelley Drye") filed the complaint on behalf of PFY and currently appears as PFY's counsel of record.

As part of pre-trial discovery, Royal served Requests for Production and Interrogatories on PFY. Royal takes the position that PFY's responses have been insufficient, although no motion to compel discovery has been made.

It appears from an unsigned copy of resolutions adopted by PFY's board of directors on June 30, 2006 forwarded with Kelley Drye's letter dated July 31, 2006, that PFY ceased operations on

June 30, 2005, is insolvent, and resolved to "take all available actions to wind down its operations." To that end, the June 30, 2006 resolutions include resolutions that "the representation of the Corporation by the law firm of Kelley Drye & Warren LLP is hereby terminated" and "the prosecution of any law suit in which the Corporation is the plaintiff shall cease to the full extent allowed by the Court."

A letter from Kelley Drye dated July 31, 2006 says that PFY's June 30, 2005 board resolution "was prepared by PFY's *pro bono* counsel, Linda Manley, Esq. Ms. Manley is still in the process of securing the signature of Board Chairman, Octavio Cruz. Ms. Manley is a staff attorney at Lawyers Alliance for New York and receives no remuneration from PFY for her services." *Id.* at 1.

In these circumstances, Kelley Drye made a letter application to the Court for an order "granting PFY leave to withdraw from this action and voluntarily dismiss its complaint" against Royal. Kelley Drye letter dated July 7, 2006 at 1, signed by Jean Y. Park, Esq. In the subsequent letter dated July 31, 2006 at 1, Ms. Park said that "we respectfully request the Court's leave to withdraw from this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure." Counsel does not say who "we" refers to, and does not cite the Local Civil Rule governing the withdrawal of counsel of record, but I will construe the Kelley Drye letters as requesting a Court order (a) voluntarily dismissing PFY's complaint under Fed. R. Civ. P. 41(a)(2), and (b) permitting Kelley Drye to withdraw as counsel of record for PFY.

Royal objects, principally upon the ground that permitting PFY to dismiss its action without responding to Royal's pending discovery requests would unfairly prejudice Royal in defending direct actions against it by injured third parties. Such direct actions appear likely, since New York

2

Insurance Law § 3420(a)(2) provides that, if a judgment against an insured remains unsatisfied, a direct action may be maintained against the insurer under the terms of the policy, and PFY proclaims itself to be insolvent and ready to dissolve. Of course, Royal could defend against a direct action by asserting the grounds for disclaimer of coverage it asserts in this action; but Royal's concern appears to be that if PFY is allowed to disappear without responding to discovery requests made in an action PFY itself commenced, Royal may be prejudiced in obtaining pertinent evidence at a later time.

Royal would seem to regard with equanimity Kelley Drye's request to withdraw as counsel of record for PFY.

## II

Kelley Drye's application to withdraw as counsel for PFY will be granted. There is no basis for doing otherwise. Under the canons of ethics, an attorney must have a sufficient reason for firing a client, but a client can fire its attorney at will, subject only to such lien protection for the attorney's fee as the relevant statute and common law may give, an issue that has not been raised in this case. Here, PFY's determination to discharge Kelley Drye from further professional responsibility is made manifest in the June 30, 2006 corporate board resolutions. I accept that determination, even though the chairman of PFY has apparently not yet signed the resolutions.

## III

Kelley Drye's application for an order dismissing PFY's complaint is more complicated. Given the procedural posture of the case, Fed. R. Civ. P. 41(a)(2) requires PFY to obtain an order of dismissal from the Court. The Rule provides that "[a]n action shall not be dismissed save upon order of the court and upon such terms and conditions as the court deems proper." In the case at bar,

it is proper to condition an order of dismissal upon PFY taking steps to secure the evidence which Royal requested and may not have been fully provided by PFY.

That possibility of non-compliance with discovery demands arises from the wording of Kelley Drye's July 31, 2006 letter at 2. Ms Park says: "As for outstanding discovery allegedly owed Royal, PFY has no employees to testify and no one who could undertake any search for records, even assuming their existence. Any and all information and documents in my possession were earlier disclosed and produced to [defendant's counsel's firm] through PFY's May 2005 automatic initial disclosures." That statement does not deal adequately with Royal's request for the production of pertinent documents that are or at least at some time were in the possession, custody or control of PFY. All Kelley Drye is really saying about documentary evidence is that they passed on to Royal's counsel anything PFY had given to them as of May 2005. That does not negate the possibility that other pertinent documents existed but were not given by PFY to Kelley Drye.

Given the circumstances of this case, particularly with respect to a reasonably anticipated direct action by third parties against Royal under the policy, Royal is entitled to press its demand for the production by PFY of relevant documents and to obtain reasonable assurance that such documents, to the extent they still exist, are preserved. A comparable concern does not arise with respect to any unanswered interrogatories whose facts must be supplied by witnesses. Royal may subpoena such individuals in aid of its defense against a direct action.

This Court's ability to retain control over PFY in respect of production of previously requested documents arises from the previously quoted wording of Rule 41(a)(2), the Court's inherent supervisory powers, and the New York Business Corporation Law, which provides that a dissolved corporation continues to exist for purposes connected with litigation. *See* New York

Business Corporation Law § 1006(a)(4) & (b) (after dissolution, "[t]he corporation may sue or be sued in all courts . . . in its corporate name, and process may be served by or upon it"; "[t]he dissolution of a corporation shall not affect any remedy available to or against such corporation . . . for any right or claim existing or any liability incurred before such dissolution . . . .").

In these circumstances, and on the present record, I deny PFY's application for an order of dismissal under Rule 41(a)(2), without prejudice to its renewal upon the filing of an affidavit establishing PFY's compliance with the following condition:

PFY or its chairman of the board must take all reasonable steps to locate any documents covered by Royal's outstanding request for the production of documents, and furnish them to counsel for Royal for copying at Royal's expense. If PFY shows that it is unable to do this, but that PFY files still exist which may contain pertinent documents, PFY or its chairman must deliver those files to the offices of Kelley Drye or the office of Ms. Manley at the Lawyers Alliance for New York, for safekeeping and examination by counsel for Royal. On or before August 30, 2006, PFY or its chairman must file and serve an affidavit describing the steps it has taken to comply with this condition.

IV

For the foregoing reasons, the Court makes this Order:

1. The firm of Kelley Drye & Warren LLP is discharged from further professional responsibility as counsel of record for the Plaintiff, subject only to its possible role as keeper of PFY files in the manner described in Part III.

5

2. The application of the Plaintiff for an order of dismissal under Fed. R. Civ. P. 41(a)(2) is denied, without prejudice to renewal upon Plaintiff's compliance with the condition set forth in Part III.

3. Plaintiff and its officers and directors are directed to exercise their best efforts to comply with the condition in respect of documents set forth in Part III. They are also directed not to destroy, alter or discard any documents of the sort described in this Opinion. Failure to comply with this Order may result in proceedings for contempt.

4. On the assumption that the matter of the previously requested documents can be dealt with promptly and without the participation of counsel of record for Plaintiff, the Court will not require PFY to appoint successor counsel to Kelley Drye at this time. Plaintiff is reminded, however, that it is a corporation, and if the case continues with respect to production of documents, PFY must appoint successor counsel, because unlike an individual party in litigation, a corporation cannot represent itself.

It is SO ORDERED.

Dated: New York, New York
August 7, 2006

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE